MECHANICS BANK & TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29974. Promulgated November 18, 1929.

*H. H. Shelton, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, and *Hugh Brewster, Esq.*, for the respondent.

238

240

OPINION.

MORRIS: The petitioner contends that it suffered a complete loss of its investment in the K. S. & E. Railroad Co. in 1921 and that the respondent erred in refusing to allow such loss which, if allowed, would result in a net loss to be carried forward to 1922, the taxable year, and eliminate the deficiency for that year. The respondent contends, on the other hand, that it was an exchange of securities, either directly or indirectly, within the purview of section 202 of the Revenue Act of 1921, consequently no loss occurred until the year 1923, when the securities of the Knoxville & Carolina Railroad were

sold, for the reason that the transaction which occurred during the year 1921 was not closed and completed. The respondent contends further that, should we hold that the receipt of new certificates did not bring the transaction within the provisions of the sections of the Act relied upon, the loss sustained on the bonds of the K. S. & E. Railroad Co. occurred prior to the year 1921.

Section 202 (c) (2) of the Act aforesaid provides, insofar as applicable:

> (c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—
>
> \*    \*    \*    \*    \*    \*    \*
>
> (2) When in the reorganization of one or more corporations a person receives in place of any stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization. The word "reorganization," as used in this paragraph, includes a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or of substantially all the properties of another corporation), recapitalization, or mere change in identity, form, or place of organization of a corporation, (however effected).

If the transaction whereby the petitioner received securities of the Knoxville & Carolina Railroad Co. was an "exchange" within the meaning of section 202 (c), *supra*, then no loss "shall be recognized" unless the securities of the said road so received had a "readily realizable market value."

The matter of the purchasing the said K. S. & E. Railroad was discussed at the meeting of the board of directors of the petitioner on November 12, 1921, and definite plans were laid for issuing certain of the securities of the Knoxville & Carolina Railroad Co. to the petitioner. A committee was appointed to agree upon the amount of stocks and bonds which the petitioner should receive from what was termed therein as a "reorganization." The said committee met and made its recommendations on the same date aforesaid, at which time the committee stated that the petitioner was not to advance any cash but was to receive the said securities "gratis," adding, however, "in return for surrendering its First Mortgage bonds of the old Knoxville, Sevierville and Eastern Railway Company." What the parties had in mind when they required the surrender of the bonds of the K. S. & E. Railroad for the securities of the Knoxville & Carolina Railroad, we do not know. It is certain, however, that they regarded the surrender as a part of the transaction. Therefore, we believe no violence is done to

the word " exchange " to say that there was an exchange of property for property within the meaning of section 202 (c), *supra*.

Did the securities of the Knoxville & Carolina Railroad Co. which the petitioner received in exchange .for the surrender of its bonds of the K. S. & E. Railroad Co. have a " readily realizable market value "? One of the petitioner's witnesses said they did not. That witness was asked on direct examination whether the securities of the Knoxville & Carolina Railroad had any marketable value and he replied, " There was no marketable value." While he does not use the words as they are used in the statute, his statement can have only one meaning, and that is that they had no readily realizable market value. This, we believe, is borne out by other testimony of record.

We are of the opinion, therefore, that the respondent's findings should be approved.

*Judgment will be entered for the respondent.*